UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALICIA ROYAL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-248-TLS |
| NICK WHEELER, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Alicia Royal, proceeding pro se, filed a Complaint [ECF No. 1] against Defendant Nick Wheeler. She also filed a Motion for Leave to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, the Plaintiff's Motion is DENIED. The Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and she is GRANTED additional time to amend her Complaint, accompanied either by the statutory filing fee or another Petition to Proceed in Forma Pauperis. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and

second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, the Plaintiff's Petition establishes her inability to pay the filing fee.

In assessing whether a plaintiff may proceed IFP, a court must also look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, a plaintiff's allegations must show that her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

The basis for the Plaintiff's suit appears to be as follows: Attorney Nick Wheeler represented the Plaintiff after her daughter was removed from her home by Child Protective Services. She was unhappy with Attorney Wheeler's representation and terminated his representation before her case was resolved. Ultimately, she prevailed, and her daughter returned home. She has sued Attorney Wheeler for damages, but she also asks that he lose his law license and be sent to prison.

However, the Plaintiff has not established that this Court has subject matter jurisdiction. Federal courts are of limited jurisdiction and may adjudicate claims if (1) the Complaint alleges a violation of a federal statute or of the Plaintiff's constitutional rights, or (2) if the Complaint meets diversity requirements, which require that the Plaintiff and Defendant are citizens of different states and that the Plaintiff seeks damages in excess of $75,000. 28 U.S.C. §§ 1331, 1332. Because the Complaint indicates that all parties reside in Indiana, the diversity requirements are not met. Therefore, for the Court to have jurisdiction over her claim, the Plaintiff must allege that the Defendants violated her federal or constitutional rights. This she has not done.

Accordingly, the Court will deny the Plaintiff's request for leave to proceed in forma pauperis, and will dismiss this action. The Court grants the Plaintiff until September 15, 2018, to file an amended complaint in this Court if she prefers to do so. *See Luevano*, 722 F.3d at 1022 (stating that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). If the Plaintiff chooses to file an amended complaint, her amended complaint must contain allegations that plausibly suggest that the Defendant has violated federal law. Along with an amended complaint, the Plaintiff must also file a new Petition to Proceed in Forma Pauperis *or* pay the filing fee.

If the Plaintiff does not file an amended complaint by September 15, 2018, the Court will direct the Clerk to close this case.

## CONCLUSION

For the foregoing reasons, the Court:

(1) DENIES the Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No.2];

(2) DISMISSES the Complaint [ECF No. 1];

(3) GRANTS the Plaintiff until September 15, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

(4) CAUTIONS the Plaintiff that:

(a) if she does not respond by the above deadline, this case will be dismissed without further notice; and

(b) any amended complaint must contain allegations that plausibly suggest that the Defendant has violated federal law.

SO ORDERED on August 15, 2018.

                                         s/ Theresa L. Springmann
                                         CHIEF JUDGE THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT